**Andrew Lee PAYNE, Appellant,**

v.

**Cordelia WALDEN, Appellee.**

**No. 01–91–01077–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 14, 1992.

John W. Wiggins, Sr., Houston, for appellant.

Annie Briscoe, Houston, for appellee.

Before TREVATHAN, C.J., and MIRABAL and DUNN, JJ.

ORDER

PER CURIAM.

Appellant, Andrew Lee Payne (Payne), moves the Court to stay his appeal and remand the case to the trial court.

On May 15, 1986, on the petition of Payne, in cause number 86–08945, in the 310th District Court, he was adjudicated the father of Ashley Payne.

On July 10, 1991, Payne filed, in the 310th District Court, under cause number 86–08945, a petition for the termination of his paternal rights and establishment of the parentage of Ashley. On the same day, he filed in the 310th District Court, an original petition for bill of review, directly attacking the May 15, 1986 Decree of Legitimation, asserting that in that cause he was induced by the external fraud of appellee to sign a statement of paternity. The bill of review petition was assigned cause number 91–2964.

This appeal arises from the trial court's dismissal of appellant's petition and motions in cause no. 86–08945 on September 13, 1991. The order of dismissal appealed from references cause no. 91–29694. On the same day, in a separate instrument, the court dismissed the bill of review cause no. 91–29694. On November 19, 1991, the trial court granted a new trial in the bill of review action under cause no. 91–29694.

In support of his request that the appeal be stayed, appellant cites TEX.FAM.CODE ANN. § 13.44, which provides:

(a) Except as provided by Subsection (b) of this section, a suit under this chapter [Determination of Paternity] with respect to a child is barred if final judgment has been rendered by a court of competent jurisdiction:

(1) adjudicating a named individual to be the biological father of the child; or

(2) terminating the parent-child relationship between the child and each living parent of the child; or

(3) granting a petition for the adoption of a child.

(b) During the pendency of an appeal or direct attack on a judgment described in Subsection (a) of this section, a suit under this chapter may be filed but shall, upon motion of any party, be stayed pending the final disposition of the appeal or direct attack on the judgment.

We agree with appellant that § 13.44(b) is authority to stay the appeal. However, it is not authority for a remand of the case. Appellant has not cited authority that would authorize us to stay the appeal and at the same time remand the case to the trial court, and we have been unable to find any such authority.

Accordingly, we STAY the appeal of the dismissal order in cause no. 86–08945, pending final judgment in the companion bill of review case, cause no. 91–29694.

IT IS SO ORDERED.